IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,946-08






EX PARTE GARY EDWARD BROCK SR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10522 IN THE 29TH DISTRICT COURT


FROM PALO PINTO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency of a
child by contact and sentenced to twenty years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because his plea was induced by improper
threats from his attorney. Specifically, he alleges that his lawyer had him sign "blank forms" and,
among other things, threatened that he would work with the District Attorney's office to have
Applicant sentenced for the maximum punishment. Applicant alleges that counsel made similar
threats when Applicant's family was unable to pay the entire fee for counsel's representation.
Applicant also alleges that he was not informed that he was waiving his appeal by signing what he
alleges were the "blank pages" of a plea agreement. The habeas record contains no response from
counsel, no response from the State, and a brief order from the trial court finding that there were no
controverted, previously unresolved facts material to the legality of his confinement. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's
trial counsel with the opportunity to respond to Applicant's claim that his plea was rendered
involuntary because of counsel's alleged threats. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea and waiver of appeal were involuntary. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 14, 2010

Do not publish